UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMAAL ALI BILAL,

     Plaintiff,

v.                                                                Case No.: 2:16-cv-786-FtM-38NPM

BRIAN MASONY, KERI
FITZPATRICK and KRISTEN
KANNER,

     Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff's Motion to Reinstate Case (Doc. 22). Plaintiff, pursuant to Fed. R. Civ. P 60(b)(6), moves to reopen this case based upon the Eleventh Circuit's holding in *Bilal v. Fennick*, No. 17-12062, 11th Cir., October 25, 2018.[2] Specifically, Plaintiff's contends that the Court "erroneously dismissed" the above captioned action based upon a filing injunction entered by the United States District Court for the Northern District of Florida and seeks reinstatement of the case. Doc. 22, ¶ 1. Plaintiff argues that "the *Fennick* decision applies of all cases erroneously dismissed by

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The Eleventh Circuit Court of Appeals remanded *Bilal v. Fennick*, 2:16-cv-799-FtM-29CM to this Court finding that the Court in *Fennick* erred in relying upon a filing injunction imposed by the District Court for the Northern District of Florida in denying Bilal's motion for IFP absent notice to plaintiff.

this court based upon the U.S. Northern District filing injunction." *Id.*, ¶ 2. Also pending is Plaintiff's Motion for Court to Serve Defendants with Copy of Complaint Before Ruling by U.S. Magistrate Judge (Doc. 24) filed January 9, 2019. For the reasons set forth below, the Court denies Plaintiffs' Motions.

> Federal Rule of Civil Procedure 60(b) provides:
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (2017). The purpose of Rule 60(b) is to define the specific circumstances under which a party may obtain relief from a final judgment or order. Motions under this rule are directed to the sound discretion of the court. *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006); *Mahone v. Ray*, 326 F.3d 1176, 1178, n.1 (11th Cir. 2003); *Weiss v. Warden*, 703 F. App'x 789, 791 (11th Cir. July 24, 2017). Rule 60(b)(6), known as the catch-all provision, requires a party to "demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Aldana v. DelMonte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (internal quotations and citations omitted). To be entitled to relief under this provision, Plaintiff must show that "absent such relief, an extreme and unexpected hardship will result." *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020, (11th Cir. 2001) (internal quotations and citations omitted). A motion for reconsideration "cannot be used to relitigate old matters, raise argument [,] or present evidence that could have been raised prior to the entry of judgment."

*Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (internal quotation marks omitted).

The Court finds Bilal's Motion to Reinstate to be without merit. First, other than referencing the *Fennick* decision, Bilal provides no reason why he is entitled to reconsideration in the instant case. The motion is devoid of any reasons why the Court should grant him Rule 60(b) relief. Nonetheless, a change of law does not reopen a case for which no appeal or other process is pending or available. See *Ramsey v. Walker,* 304 F. App'x 827, 829 (11th Cir. 2008) ("[a] change of law alone does not provide grounds for Rule 60(b)(6) relief."); *Agostini v. Felton,* 521 U.S. 203, 239, 117 S. Ct. 1997, 2018, 138 L.Ed.2d 391 (1997) ("[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6) ..."); *Ritter v. Smith,* 811 F.2d 1398, 1401–03 (11th Cir.1987) (something more than a "mere" change in the law is necessary to provide the grounds for Rule 60(b)(6) relief and listing factors for consideration). As a matter of law, and contrary to Bilal's assertion, the Eleventh Circuit's remand in *Bilal v. Fennick*, 2:16-cv-799, is not grounds to reopen every case which considered and applied the Northern District of Florida's injunction in denying Plaintiff *in forma pauperis status*.

Further, the relief Plaintiff seeks under Fed. R. Civ. P. 60(b)(6), is untimely. See Fed. R. Civ. P. 60(c)(1) (stating that a motion filed under Rule 60(b)(6) "must be made within a reasonable time"). This case was dismissed, and judgment was entered on November 18, 2016. Plaintiff waited in excess of two years to move for reconsideration in this matter.

Furthermore, on May 19, 2017, the Eleventh Circuit denied Plaintiff *in forma pauperis* status "because the appeal is frivolous." (Doc. 19). Notably Plaintiff sought nominal damages contending that officials at the Florida Civil Commitment Center were not providing access to the law library consistent with its contractual obligations. (*See generally* Doc. 6). Bilal alleges no injury in fact and instead makes general complaints about how library time is allocated among residents. Consequently, Plaintiff lacks standing, which is jurisdictional and not subject to waiver. *Lewis v. Casey*, 518 U.S. 343, 349 (1996).

Also pending is Bilal's Motion for the Court to Serve Defendants with Copy of Complaint Before Ruling by U.S. Magistrate Judge (Doc. 24). Bilal contends this Court does not have jurisdiction to rule on this Complaint until all named defendants are served. (*Id*. at 1). Contrary to Plaintiff's assertion, when a litigant does not pay the filing fee but seeks to proceed in an action due to his indigent status, this Court is vested with authority to dismiss a case "at any time" if it determines the allegations of poverty in an affidavit are untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Reinstate Case (Doc. 22) is **DENIED.**

2. Pro Se Plaintiff's Motion for Court to Serve Defendants with Copy of Complaint Before Ruling by U.S. Magistrate Judge (Doc. 24) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of August, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record